FISKE, *Adm'r*, v. GOWING.

A witness may state what he understood from the language and conduct of a person, when such understanding is material to the issue.

DEBT, on the statute (G. L., c. 236, s. 19).   Plea, the general issue.   Verdict for the defendant.

The plaintiff recovered judgment against Milan Harris, A. R. Harris, and S. G. Griffin, who were stockholders in the M. Harris Woollen Co., a corporation of which the defendant was treasurer; the execution issued thereon was placed in the hands of the sheriff for collection, who exhibited it to the defendant at his office in Boston, and at the same time gave to him a proper and sufficient written request for a certificate of the number of shares, &c., of the judgment debtors in the corporation; and the defendant did not then, or ever, furnish such certificate. The defence was, that after giving the written request the sheriff waived or withdrew it. Both the sheriff (produced as a witness by the plaintiff) and the defendant testified fully in respect to all the conversation, facts, and circumstances which took place during their interview. Subject to the plaintiff's exception, the court allowed the following question to be put to the defendant, and his answer to be taken: "Did you, or not, understand from what Mr. Holt [the sheriff] said, and from his conduct, that he waived or withdrew his request for a certificate?" Ans. "I fully so understood it; that was the reason I took no steps towards giving a certificate."

The court instructed the jury as follows: "That Holt delivered this request in writing to the defendant is conceded, and if he had left the matter there the request would have been undoubtedly sufficient. . . . But Holt might afterwards waive or withdraw the request. . . . Such waiver need not be by express words. If at the end of the interview the defendant understood from all that had there taken place between Holt and himself,— from all that Holt had there said or done, including his manner and conduct,—that Holt had obtained all the information he desired, and that he required nothing further, and if he reasonably and fairly might so understand, if as an intelligent and reasonable man he had a right so to understand, then the request in writing must be considered as waived or withdrawn." To these instructions there was no exception.

*Lane & Dole*, for the plaintiff.

*B. Wadleigh* and *S. Hardy*, for the defendant.

SMITH, J. The precise question raised in this case was decided in *Eaton* v. *Rice*, 8 N. H. 378, where it was held that a witness may state generally what he understood a contract between two persons to have been from their conversation, although he may not be able to state the language used in making the agreement. See, also, *Maxwell* v. *Warner*, 11 N. H. 568, *Norris* v. *Morrill*, 40 N. H. 395, and *Jackson* v. *M'Vey*, 18 Johns. 330. It rarely happens that two persons are able to give precisely the same account of a conversation. Their narration will differ more or less according to their intelligence, their interest in the subject-matter, their oppor-

tunities for hearing, their prejudices for or against the parties, the lapse of time since the conversation occurred, and a variety of other circumstances. Emphasis thrown upon the wrong word might convey a meaning different from that originally intended. Often the manner in which a remark is made, and the conduct and appearance of the party, may have much to do in producing the understanding that was received, much of which it is difficult and sometimes impossible for a witness to describe.

. It was a vital question whether the defendant understood or had a right to understand, from what was said and done, that the request for a certificate was waived or withdrawn. He might have received his understanding in part from the conduct of the officer, and in part from what was said between them and from the way it was said. To confine the witness to a mere narration of the language used, if he were able to recall it, might give the jury an imperfect and erroneous idea of the actual understanding of the parties. The request for a certificate might be waived expressly, or by a mutual understanding that it was waived. If the defendant might reasonably understand, from all that was said by Holt and from his conduct, that he had obtained all the information he desired or which a certificate would give him, he might and probably would conclude that Holt waived his request for a certificate; and Holt, by suffering him to receive and act upon such an understanding, would be estopped to assert the contrary. It was a question of mutual understanding. Such evidence has been so commonly received that the question of its admissibility can hardly be said to be an open one.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.